# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD J. BOWEN, | : | Case No. 2:22-cv-3725 |
| Petitioner, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WARDEN, NOBLE CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Noble Correctional Institution, proceeding without the assistance of counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, the return of writ, petitioner's reply, and petitioner's motion for summary judgment. (Doc. 1, 11, 16, 17).

For the reasons stated below, the undersigned recommends that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

### I. PROCEDURAL HISTORY

#### State Trial Proceedings

On August 19, 1981, the Licking County, Ohio, grand jury returned a five-count indictment charging petitioner with three counts of rape and two counts of kidnapping. (Doc. 10, Ex. 1). Petitioner entered a plea of not-guilty. (Doc. 10, Ex. 2).

On November 5, 1981, petitioner entered a guilty plea to the charges in the indictment. (Doc. 10, Ex. 3, 4). On the same date, petitioner was sentenced to a total aggregate prison

sentence of 15 to 75 years.  (*See* Doc. 10, Ex. 5).

### Direct Appeal

On March 3, 1983, petitioner filed an untimely notice of appeal to the Ohio Court of Appeals.  (Doc. 10, Ex. 6).  The appeal was dismissed on September 13, 1983 for want of prosecution.  (Doc. 10, Ex. 7).

Petitioner did not seek further review in the Ohio Supreme Court.

### Post-Conviction Motions

In the approximately forty years following his conviction and sentence, petitioner has filed a multitude of unsuccessful motions in the Ohio courts.

In 1982 through 1986, petitioner filed a motion to amend sentence (Doc. 10, Ex. 8); a motion to modify sentence (Doc. 10, Ex. 11); a motion challenging his plea agreement (Doc. 10, Ex. 13); a motion to vacate guilty plea (Doc. 10, Ex. 14); three motions to vacate sentence (Doc. 10, Ex. 18, 19, 21); a petition to vacate sentence (Doc. 10, Ex. 24); two motions to suspend execution of sentence (Doc. 10, Ex. 27, 30), and a motion for resentencing (Doc. 10, Ex. 32). Petitioner's motions were all overruled or denied.  (Doc. 10, Ex. 10, 12, 17, 20, 23, 26, 28, 29, 31, 34).

In 1992 through 1996, petitioner filed three motions to reduce sentence[1] (Doc. 10, Ex. 35, 41, 55); a petition for a writ of habeas corpus (Doc. 10, Ex. 46); a petition for post-conviction relief (Doc. 10, Ex. 49); and a motion for resentencing (Doc. 10, Ex. 63).  Petitioner was denied

---

[1] In each instance petitioner unsuccessfully appealed the decision to the Ohio Court of Appeals. (*See* Doc. 10, Ex. 38, 40, 44, 45, 58, 62).  Petitioner also unsuccessfully appealed to the Ohio appeals court from the denial of his petition for post-conviction relief, his motion to reduce sentence, and motion for resentencing.  (*See* Doc. 10, Ex. 52, 54, 58, 66).

2

relief by the state courts. (Doc. 10, Ex. 37, 43, 48, 51, 57, 65).

On July 23, 1997, petitioner filed another motion for modification of his sentence, which was denied by the trial court on August 13, 1997. (Doc. 10, Ex. 69, 71). Petitioner appealed the decision to the Ohio Court of Appeals. On December 10, 1997, the Ohio appeals court affirmed the judgment of the trial court. (Doc. 10, Ex. 74).

Next, on February 22, 1999, petitioner filed a motion to suspend further execution of sentence. (Doc. 10, Ex. 75). The motion was denied by the trial court on March 9, 1999. (Doc. 10 Ex. 76). Also in 1999 petitioner filed a motion to withdraw guilty pleas and motion for first offender relief from conviction. (Doc. 10, Ex. 78, 79). The trial court denied petitioner's motions. (Doc. 10, Ex. 80).

On March 17, 2003, four years later, petitioner filed another motion to reduce sentence, which was denied by the trial court. (Doc. 10, Ex. 81, 82).

On June 20, 2019, sixteen years later, petitioner filed an application for DNA testing, which was denied by the trial court. (Doc. 10, Ex. 83, 85). Petitioner pursued an appeal to the Ohio Court of Appeals (Doc. 10, Ex. 88, 89), however the appeal was dismissed as untimely. (Doc. 10, Ex. 90). Petitioner unsuccessfully moved for reconsideration. (Doc. 10, Ex. 91, 92). On July 7, 2020, the Ohio Supreme Court denied petitioner's motion to file a delayed appeal. (Doc. 10, Ex. 94).

Petitioner pursued a second application for DNA testing on September 7, 2021. (Doc. 10, Ex. 95). On October 21, 2021 petitioner's motion was denied. (Doc. 10, Ex. 96). Petitioner unsuccessfully appealed the decision to the Ohio Court of Appeals and Ohio Supreme Court. (Doc. 10, Ex. 97-104).

**Federal Habeas Corpus**

On September 30, 2022, petitioner commenced the instant federal habeas corpus action.[2] (*See* Doc. 1 at PageID 16). Petitioner raises the following two grounds for relief in the petition:

**GROUND ONE**: The ineffective assistance of Trial Counsel.

Supporting facts: The fact that defense counsel was ineffective in his representation of the petitioner for failing to raise the fact that the elements of the indictment did not sustain the charging indictment and the charges violated the Ohio Revised Code as well as HB 511.

**GROUND TWO:** The ineffective assistance of Trial Counsel.

Supporting facts: Defense counsel violate[d] the Ohio Rules of Professional Conduct by giv[ing] the defendant inadequate representation, in first requiring all discovery information from the prosecutor, consulting with the defendant and going over all material of DNA evidence; Hospital reports; rape Kit and any other exculpatory evidence that would justify a plea of guilty.

(Doc. 1 at PageID 3-4).

Respondent has filed a return of writ in opposition to the petition (Doc. 5), to which petitioner has replied (Doc. 7, 9). According to respondent, petitioner's ground for relief is time-barred, procedurally defaulted, and without merit.

**III.  THE PETITION SHOULD BE DENIED.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

---

[2] The petition was filed with the Court on October 19, 2022. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on September 30, 2022. (*See* Doc. 1 at PageID 7). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on September 30, 2022.

pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief.  Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.  Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings.  Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

5

In this case, because petitioner's conviction became final prior to the effective date of the AEDPA,[3] petitioner was entitled to a one-year grace period running from April 24, 1996, the act's effective date. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Accordingly, the limitations period expired on April 24, 1997 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Petitioner's habeas corpus petition was filed on September 30, 2022, over twenty-five years after the statute of limitations had expired. Therefore, unless the limitations period is tolled by statute or otherwise, the petition is time-barred.

As detailed above, petitioner filed a number of post-conviction petitions and motions. Even assuming in petitioner's favor, without deciding, that the limitations period was statutorily tolled until December 10, 1997—when the Ohio Court of Appeals affirmed the trial court's denial of petitioner's July 23, 1997 motion for modification of sentence (Doc. 10, Ex. 74)—the petition is untimely. In that instance, the limitations period ran for 365 days and expired on December 10, 1998, nearly twenty-four years before petitioner filed his federal habeas corpus petition on September 30, 2022.[4] Therefore, the petition is time-barred unless equitable tolling principles apply in this case.

---

[3] Petitioner's conviction became final on December 7, 1981, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's November 5, 1981 sentencing. Ohio R. App. P. 4(A).

[4] Petitioner took no further action in the state courts until February 22, 1999, when he filed a motion to suspend further execution of sentence. (*See* Doc. 10, Ex. 75). Because the limitations period had already expired, the motion (and petitioner's subsequent state-court filings) do not operate to toll the limitations period. *See Vroman*, 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010) (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. Although petitioner contends that he was diligent in pursuing relief in the state courts (*see* Doc. 16 at PageID 550), the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than forty years to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in

7

pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Finally, petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

In light of this recommendation, petitioner's motion for summary judgment (Doc. 17) is **DENIED** as moot**.**

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion for summary judgment (Doc. 17) is **DENIED** as moot.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:  October 13, 2023
　　　　　　　　　　　　　　　　　　　　 *s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　Elizabeth A. Preston Deavers
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge